```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION
```

JOHN DIXON                                              PLAINTIFF

    vs.                    CASE No. 07-3026

WOOD MANUFACTURING CO., INC.
d/b/a Ranger Boats                                      DEFENDANT

## O R D E R

Now on this 17th day of March, 2008, comes on to be considered defendant's **Motion to Dismiss (Doc. 10)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. Plaintiff brings this action against his former employer, Wood Manufacturing Co., Inc., d/b/a Ranger Boats. Plaintiff alleges that he developed a heart condition while employed as a truck driver for the company "as a result of his long hours of work and little rest." (Doc. 1 ¶ 5.) Plaintiff alleges that he complained to his superiors "that the long hours and no rest [were] ruining his health," but to no avail. (Id.) According to plaintiff, he also, on advice from his doctor, requested a medical leave, but his request was denied. Plaintiff alleges that when he subsequently took a day off to attend a doctor's appointment, he was terminated. According to plaintiff, he was replaced by a younger individual.

2. Plaintiff asserts that defendant's actions give rise to the following causes of action:

* Count I - a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.;

* Count II - a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.;

* Count III - a violation of the Arkansas Civil Rights Act, Ark. Code § 16-123-101, et seq.;

* Count IV - a violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, et seq.;

* Count V - a violation of the Rehabilitation Act, 29 U.S.C. § 701 et seq.;

* Count VI - a violation of Title VII, 42 U.S.C. § 2000e, et seq.; and

* Count VII - the intentional infliction of emotional distress.

3. Defendant moves to dismiss Counts II and IV through VII of plaintiff's complaint. A motion to dismiss under Rule 12(b)(6) should be granted only if the plaintiff can prove no set of facts entitling him to relief. See Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006). This Court assumes as true all factual allegations of the complaint. Id. However, to avoid dismissal, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the

claim.  Id.  The Court will address each count discussed in the motion in turn.

    4.   <u>Counts II and VI - Age Discrimination and Title VII Claims</u>

    *   Defendant argues that these claims are subject to dismissal because plaintiff failed to include them in his EEOC charge and, thus, failed to exhaust his administrative remedies with regard to these claims.  Plaintiff responds that he completed the EEOC charge without the benefit of counsel and this "should not be held against him and preclude him for asserting" his age discrimination and Title VII claims.  (Doc. 16 at pgs. 2-3.)

    *   In his EEOC charge, plaintiff checked the box indicating that he was discriminated against on the basis of his disability and did not check the boxes for age, sex, race, or any other sort of discrimination.  Further, in the body of the charge, plaintiff's allegations related solely to his medical condition and he stated that he believed he was discharged because he was regarded as disabled, in violation of the ADA.

    *   It is well established in the Eighth Circuit that a plaintiff is deemed to have exhausted administrative remedies only with regard to allegations that are like or reasonably related to the substance of the claims included in the EEOC charge. See <u>Kells v. Sinclair Buick-GMC Truck, Inc.</u>, 210 F.3d 827, 836 (8th Cir. 2000).

\*	Plaintiff's age discrimination and Title VII claims can in no way be said to be reasonably related to the disability discrimination claim asserted in his EEOC charge.  While plaintiff was proceeding pro se at the time and his charge may be entitled to a liberal construction, the Court is "prohibited from 'inventing *ex nihilo*, a claim which simply was not made.'"  Id. (internal citation omitted).

\*	Accordingly, the Court concludes that plaintiff's age discrimination and Title VII claims are subject to dismissal and defendant's motion will, therefore, be granted with regard to these claims.

5.	Count IV - FLSA Claim

\*	Defendant argues that this claim should be dismissed because plaintiff's complaint is devoid of any allegations suggesting that the defendant failed to pay wages owed to him or that his discharge had anything to do with complaints about wage-related matters.

\*	In his response to the motion to dismiss, plaintiff does not identify any allegations in his complaint that would support a FLSA claim, nor does plaintiff otherwise address the argument that this claim should be dismissed.

\*	The Court, therefore, concludes that defendant's motion is proper and should be granted with regard to plaintiff's FLSA claim.

    6.   <u>Count V - Rehabilitation Act Claim</u>

    *   The Rehabilitation Act prohibits discrimination against the disabled by recipients of federal funding.  See <u>Barnes v. Gorman</u>, 536 U.S. 181, 184-85 (2002).

    *   Defendant argues that plaintiff does not and "could not" allege that it receives any federal funding.  (Doc. 11 at pg. 6.)

    *   Plaintiff does not dispute this fact, nor does plaintiff otherwise address the viability of his Rehabilitation Act claim.  The Court, therefore, concludes that the claim is subject to dismissal and defendant's motion to dismiss will be granted with regard to it.

    7.   <u>Claim for Intentional Infliction of Emotional Distress</u>

    *   Defendant argues that this claim should be dismissed because plaintiff's allegations do not rise to the level of extreme and outrageous conduct necessary to state a claim for intentional infliction of emotional distress.  Plaintiff responds that he has alleged "reprehensible conduct" by his supervisor.  (Doc. 16 at pg. 5.)

    *   Arkansas courts have consistently taken a narrow view in recognizing claims for the intentional infliction of emotional distress, otherwise known as the tort of outrage, that arise out of the discharge of an employee.  See <u>Stockton v. Sentry Ins.</u>, 337 Ark. 507, 514 (Ark. 1999).  Such a claim may only be based on conduct "that is so extreme and outrageous as to go beyond all

possible bounds of decency and to be utterly intolerable in a civilized society." Id.

\*   The Court concludes that plaintiff has alleged nothing more than unprofessional and inconsiderate conduct on the part of his supervisor, which is insufficient to state a claim for the tort of outrage. Id. Accordingly, defendant's motion to dismiss will be granted with regard to this claim.

8.   Based on the foregoing, defendant's **Motion to Dismiss (Doc. 10)** is hereby **GRANTED** and **Counts II and IV through VII** of plaintiff's complaint are **DISMISSED**.

**IT IS SO ORDERED.**

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE